Dr. Lakshmi Arunachalam
222 Stanford Ave
Menlo Park, CA 94025
Tel: 650 690 0995: Email: Laks22002@yahoo.com
*Pro Se Plaintiff*
*Dr. Lakshmi Arunachalam*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **DR. LAKSHMI ARUNACHALAM**<br>**Plaintiff-Appellant**<br><br>**v.**<br><br>**WELLS FARGO BANK, N.A.**<br>**Defendant** | **Case No. 13-1812-RGA** |

**PLAINTIFF DR. LAKSHMI ARUNACHALAM'S PROPOSED SCHEDULE**

I, *Pro Se* Plaintiff, Dr. Lakshmi Arunachalam, a 72-year old disabled ethnic female of color, the **inventor/owner** of a dozen patents on the Internet of Things – Web Apps Displayed on a Web browser, with a priority date of 11/13/95, hereby file this Proposed Schedule contemporaneous to my Status Report, pursuant to the Court's Order.

1.    Parties subject themselves to the free **SETTLEMENT CONFERENCE** available through the Court with Judge Thynge, and apply for it with the Court no later than February 1, 2020, so the Court can schedule the Settlement Conference at a date convenient to the Judge and to both parties. The law and the facts are on Plaintiff's side.

2.    **THE COURT MUST APPLY THE 10/31/19 *ARTHREX* PRECEDENT—PTAB JUDGES UNCONSTITUTIONAL — CHANGE IN LAW,  BY 2/1/20**.

PTAB judges acting outside of their authority voids all PTAB IPR/CBM rulings. **The PTAB decision in CBM2016-00081 is a void Order**. The Federal Circuit has granted the benefit of the *Arthrex* ruling to other inventors in other cases very recently. Sanofi and many other companies have recently argued that the benefit of the *Arthrex* ruling must apply to ALL inventors. If this Court does not apply the Arthrex ruling to Inventor/Owner/Plaintiff's case, **this Court must at least stay the case until the *Arthrex* ruling plays out in the Supreme Court**.

3. **THE COURT MUST APPLY BY 2/1/20 INVENTOR RIGHTS ACT  PASSED 12/18/19 BY CONGRESS— GIVES SUBSTANTIAL NEW RIGHTS TO INVENTORS WHO OWN THEIR OWN PATENTS**,

   to opt out of PTAB re-exams and recover all profits made by infringers.

4. **THE COURT MUST APPLY GOVERNING SUPREME COURT PRECEDENTS TO THIS CASE AND FEDERAL CIRCUIT'S *AQUA PRODUCTS'* RULING WITHOUT DELAY BY 2/1/20.**
   Defendant(s), attorneys, Courts, PTAB and USDOJ were put on notice of **GOVERNING** Supreme Court precedents[1] and *Aqua Products*.

5. **PARTIES MUST SUBMIT INFRINGEMENT CLAIM CHARTS BY 3/10/20.**

The Courts did not consider **material** *prima facie* evidence, and condemned before inquiry, **when claims were unambiguous in view of *prima facie* material intrinsic evidence** of

---

[1] *Fletcher v. Peck*, 10 U.S. 87 (1810); ***Trustees of Dartmouth College v. Woodward**,* 17 U.S. 518 (1819): "**The law of this case is the law of all**… **Lower courts** …**have nothing to act upon**…" "...**applicable to contracts of every description**…vested in the individual; …right...of possessing itself of the property of the individual…for public uses; a right which a magnanimous and just government will never exercise without amply *indemnifying the individual*;" ***Grant v. Raymond***, 31 U.S. 218 (1832):  "By entering into public contracts with inventors, the federal government must ensure a "*faithful execution of the solemn promise made by the United States*;" ***U.S. v. American Bell Telephone Company***, 167 U.S. 224 (1897): "*the contract basis for intellectual property rights heightens the federal government's obligations to protect those rights. ...give the federal government "higher rights" to cancel land patents than to cancel patents for inventions*;" ***Ogden v. Saunders***, 25 U.S. 213 (1827) applies the logic of sanctity of contracts and vested rights directly to federal grants of patents under the IP Clause.

Patent Prosecution History, **never** considered by *__any__* Court in *__any__* of my cases, starting from the very first case, nor examine independent and dependent claims of *__any__* of my patents.

Even if the claims of my U.S. Patent Nos. 5,987,500; 8,037,158; and 8,108,492 are invalid (which they are **not**), as falsely alleged by Defendant(s)  and  Judges in an orchestrated farce, those so-called "invalid" claims of the '500, '492 and '158 patents have no effect on the independent or dependent claims of the patents-in-suit.  The District Court never reached the patent case.

> "A patent **shall be presumed valid**. Each claim of a patent (whether in independent, dependent, or multiple dependent form) **shall be presumed valid** independently of the validity of other claims; dependent or multiple dependent claims **shall be presumed valid** even though dependent upon an invalid claim." 35 USC § 282.

The change in law (*Arthrex* ruling of 10/31/19 and Inventors Rights Act of 12/18/19) must be applied. Judge Andrews admitted he had stock in JPMorgan during the pendency of that case, 12-282-RGA/SLR/RGA. Supreme Court precedents *__and__* *Aqua Products* **collaterally estop Defendant(s)'  false collateral estoppel farce**.

**6.      COURT SCHEDULE MARKMAN HEARING BY 6/1/20.**

**7.      TRIAL BY JURY -- 8/1/20.**

**CONCLUSION:** The case cannot be dismissed, as it would be in violation of the Constitution and the Supreme Law of the Land to do so. This  Proposed Scheduling Order is contemporaneously filed along with the Status Report.

A Certificate of Service and my Declaration in support of this brief/Verification are attached.

December 30, 2019                    Respectfully submitted,

Dr. Lakshmi Arunachalam
222 Stanford Avenue,
Menlo Park, CA 94025

Tel: 650.690.0995
Email: laks22002@yahoo.com

*Pro Se Plaintiff,*
*Dr. Lakshmi Arunachalam*

**VERIFICATION**

In accordance with 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct based upon my personal knowledge.

Dr. Lakshmi Arunachalam
*Pro Se Plaintiff*

Executed on December 30, 2019

222 Stanford Ave,                                    *Pro Se Plaintiff*

Menlo Park, CA 94025                        *Dr. Lakshmi Arunachalam*

650 690 0995
laks22002@yahoo.com

## CERTIFICATE OF SERVICE

I certify that I filed via CM/ECF and caused to be filed on opposing counsel of record and sent two copies of this Brief and any attachments to the Clerk of the Court via the U.S. Post Office Priority Express Mail and via the USPS First Class Mail and email to:

John C. Phillips, Jr.,

Megan C. Haney (No. 5016)

1200 North Broom Street Wilmington, Delaware 19806

(302) 655-4200 jcp@pgmhlaw.com mch@pgmhlaw.com


*Lakshmi Arunachalam*

Dr. Lakshmi Arunachalam
*Pro Se Plaintiff*

December 30, 2019

222 Stanford Ave,                           *Pro Se Plaintiff*

Menlo Park, CA 94025                        *Dr. Lakshmi Arunachalam*

650 690 0995
laks22002@yahoo.com